[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12490
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00503-CR-CO-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED WADE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 8, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

Fred Wade appeals his conviction and 262-month total sentences for

possession and receipt of child pornography, in violation of 18 U.S.C. §§

2252A(a)(2)(B) and (a)(5)(B). Wade pled guilty following a plea colloquy with the district court in which the court advised Wade that (1) he was not required to plead guilty and, (2) by entering a plea of guilty, he would be waiving certain rights, which the court listed. At the sentencing hearing, Wade stipulated that certain testimony relating to his uncharged sexual molestation of a minor female and a minor male was true. The government proffered additional testimony from an investigating police officer relating to an uncharged report by a separate minor female that Wade had sexually molested her – an allegation which Wade denied. Based on this testimony, the district court found "at least three instances with at least three separate victims of lewd and lascivious acts [by Wade] with a child under the age of 14" that did not result in a criminal conviction. The district court then upwardly departed from the federal sentencing guidelines, finding that Wade's criminal history category (as set forth in Wade's presentence investigation report) did not adequately reflect the "seriousness of [Wade's] past criminal conduct or the likelihood that [Wade] will commit other crimes." It also increased the offense levels for the convictions, finding that placing Wade within the highest category of criminal history would still be "inadequate" to sentence him appropriately.

2

On appeal, Wade raises for the first time two arguments tied to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). First, Wade argues that the district court's enhancement of his sentence based on a judicial determination of past uncharged criminal conduct violated his Sixth Amendment rights under Booker / Blakely. Second, Wade argues that because he did not knowingly and voluntarily waive his right to have all facts proven to a jury beyond a reasonable doubt, his plea was involuntary. Because we find no merit in either contention, we affirm his sentence and plea.

Because Wade failed to raise his Booker arguments before the district court, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Thus, we may not correct an error not raised below unless: (i) there is error; (ii) that is plain; and (iii) that affects substantial rights. Id. citing United States v. Cotton, 535 U.S. 625, 631 (2002). If these conditions are met, we then have the discretion to correct the error where it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Because the district court enhanced Wade's sentence based on its determination of facts that Wade did not admit, there is Booker error. See Booker, 125 S.Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to

3

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). That error is now plain. However, in order to satisfy the third prong of the plain error test, the defendant must demonstrate a reasonable probability that the error affected the outcome of the district court proceeding. United States v. Dominguez-Benitez, 124 S. Ct. 2333, 2340 (2004). While the defendant satisfies this requirement where he points to evidence suggesting that the district court would have been inclined to impose a lower sentence were the sentencing guidelines advisory, United States v. Shelton, No, 04-12602, 2005 U.S. App. LEXIS 3290 (11th Cir. Feb. 25, 2005), the third prong is not met where the probability that the district court would impose a reduced sentence merely equals the probability of an increased or identical sentence under an advisory guidelines scheme. Rodriguez, 398 F.3d at 1301.

In this case, Wade can point to no evidence suggesting that the district court would be likely to impose a different sentence under the guidelines that Booker has rendered advisory. Indeed, the district court found that because the defendant's criminal history was inadequately represented by his guidelines range, an upward departure by two criminal history categories and one offense level was necessary to "accurately represent the seriousness of the defendant's past criminal

4

conduct and his likelihood to commit other crimes."  R. 55 at 40: 5-7.

Furthermore, though the resulting guideline range permitted a sentence ranging

from 210 to 262 months' imprisonment, the district court imposed a 262 month

sentence, explaining that "a sentence at the high end of the guideline range . . . is

appropriate considering the defendant's conduct . . . [and] considering the public's

need and the need for punishment as to this particular defendant."  R. 55 at 40: 15-

23.  Under these circumstances, and after a searching review of the record, we

conclude that Wade cannot demonstrate any reasonable probability that in a

sentencing proceeding free from Booker error the outcome would differ.

Similarly, we find no reversible error in Wade's plea colloquy.  While Wade

concedes that he understood the nature of the charges against him, and was free

from coercion, he argues that his plea was involuntary solely because he was never

advised of his Sixth Amendment Blakely (now Booker) right to have every fact

proved to a jury beyond a reasonable doubt.  However, Wade was sentenced under

the then-applicable mandatory guidelines system which was both described in his

plea agreement and expressly explained by the district court during the plea

colloquy.  Furthermore, "a voluntary plea of guilty intelligently made in light of

the then applicable law does not become vulnerable because later judicial

decisions indicate that the plea rested on a faulty premise."  Brady v. United

5

States, 397 U.S. 742, 757 (1970); see also, United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005) (holding that defendant's plea was voluntary notwithstanding the effect of Booker, as "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a plea").  The Booker and Blakely decisions thus fail to render Wade's plea involuntary.

**AFFIRMED.**

TJOFLAT, Circuit Judge, concurring specially:

According to the presentence report (PSI") in this case, the base offense level[1] and the specific offense characteristics[2] adjusted for Wade's acceptance of responsibility[3] yielded an adjusted offense level of 24. The PSI then fixed Wade's criminal history category at IV. An offense level 24 and a criminal history of IV prescribed a sentence range of 77 to 96 months' imprisonment. Wade's Count One and Count Two convictions for possession of child pornography[4] subjected Wade to maximum and mandatory minimum penalties of 20 years' and 10 years' imprisonment, respectively.[5] Wades' Count Four conviction for receipt of child pornography[6] subjected Wade to maximum and mandatory minimum penalities of 40 years' and 15 years' imprisonment, respectively.[7]

---

[1] See U.S.S.G. § 2G2.4(a).

[2] See U.S.S.G. §§ 2G2.4(b)(1), (b)(3), (b)(4) and (b)(5)(C).

[3] See U.S.S.G. § 3E1.1(a) and (b).

[4] See 18 U.S.C. § 2252A(a)(5)(B).

[5] See 18 U.S.C. § 2252A(b)(2).

[6] See 18 U.S.C. § 2252A(a)(2)(B).

[7] See 18 U.S.C. § 2252A(b)(1).

7

The Guidelines prescribed the mandatory minimum 120 months' imprisonment as the sentences for Counts One and Two and the mandatory minimum 180 months' imprisonment as the sentence for Count Four.[8]  Based on facts not admitted by the defendant, the district court departed upwardly from the above prescribed sentences and imposed concurrent prison terms of 240 months on Counts One and Two and 262 months on Count Four.[9]

As the court properly holds, in enhancing the defendant's sentences in this fashion, the district court committed Booker error that is plain.  Ante at 2-3. Turning to the third prong of the plain-error inquiry, the court concludes that Wade failed to establish that the court would likely have imposed lesser sentences had it treated the Guidelines as advisory rather than mandatory.  Ante at 5-6.

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the enhancement of a defendant's sentence on the basis of facts the defendant neither admits nor the jury finds beyond a reasonable doubt is structural error; hence, the third prong of the plain-error test is inapplicable.  See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005)

---

[8]  See U.S.S.G. § 5G1.1(c)(2).

[9]  As the court states, ante at ___, the district court relied upon as fact "'at least three instances with at least three separate victims of lewd and lascivious acts [by Wade] with a child under the age of 14' that did not result in a criminal conviction."

(Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, we should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). We decline to take that step, however, because the prior-panel rule requires that we adhere to Rodriguez's holdings.